

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 17, 2023

**BY ECF**

The Honorable Richard M. Berman
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

  Re: ***United States v. Wilfredo Rosado*, S1 21 Cr. 516 (RMB)**

Dear Judge Berman:

  The Government respectfully submits this letter asking the Court to enter the proposed protective order attached hereto as Exhibit A over defense counsel's objection. The proposed protective order allows the Government to designate certain material as "attorney's possession only," which permits the defendant's counsel to show the material to the defendant but does not allow the defendant to retain a copy of so-designated materials. The Government seeks this protective order to enable it to produce the images stored on the Minor Victim's UMX cellphone (the "Cellphone"), including images that affect the privacy, confidentiality, and safety of the Minor Victim and her family.

  On September 10, 2021, and January 5, 2022, the Government produced a subset of material from the Cellphone, including a subset of images. In advance of trial, the Government seeks to produce all the approximately 2,952 images stored on the Cellphone (the "Images") to the defense. While the vast majority of the Images not previously produced are not discoverable under Rule 16(a) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150, 154 (1972), the Government intends to produce all the Images in an abundance of caution.[1] Among the Images are numerous photographs of the Minor Victim and the Minor Victim's family, including the Minor Victim's young child. Those photographs depict, among other things, the identity of the Minor Victim and her family as well as the private moments of their everyday lives.

  Producing these photographs to the defense without the protections provided in the proposed protective order would jeopardize the privacy, confidentiality, and safety of the Minor Victim and her family. The Government alleges that, in July 2021, the defendant assaulted, kidnapped, and raped the Minor Victim. The defendant also repeatedly threatened the Minor Victim and her family, including her young child, with physical violence. In addition, the

---

[1] Several images that constitute child pornography will be removed or redacted from this production.

February 17, 2023
Page 2

Government's evidence indicates that the defendant is a member of a violent gang. And while the defendant is currently incarcerated, others who may be close to the defendant, including other gang members, may be able to threaten, harass, embarrass, or harm the Minor Victim and her family if their photographs are viewed by others or distributed. Accordingly, there is good cause for entering the attached proposed protective order.[2]

Defense counsel objects to the proposed protective order. Defense counsel maintains that the defendant should be able to possess the Images in the jail and asserts that (1) there is no chance any other inmate can view the Images because the defendant has his own personal computer and space to review his discovery, and (2) it is too cumbersome, and sometimes prohibited for defense counsel to bring a laptop or flash drive into prison to review the Images with his client. Neither purported justification for rejecting the proposed protective order outweighs the concern for the Minor Victim's privacy, confidentiality, or safety.

First, there is a substantial risk that others will view the Images if they are possessed by the defendant. In fact, as Your Honor is aware, a hard drive containing discovery subject to the preexisting protective order in this case, which the Government provided to the defendant to review in the privacy of the law library at the Metropolitan Detention Center, went "missing" several months ago and still has not been recovered. Second, defense counsel's purported convenience—expressed to the Government only in generalities—should not be the basis for jeopardizing the privacy, confidentiality, and safety of the Minor Victim and her family, especially given the seriousness of the allegations in this case. The terms of the protective order allow defense counsel to review the Images with their client in electronic or hard copy format and merely prevent the defendant from having access to thousands of personal photographs of the Minor Victim and her family while incarcerated.

---

[2] Rule 16(d) provides that, "for good cause" shown, the Court may "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Advisory Committee Notes on the 1966 Amendment to Rule 16(d) state that a court should consider, among other things, "the safety of witnesses and others, a particular danger of perjury or witness intimidation, [and] the protection of information vital to the national security." *See United States v. Urena*, 989 F. Supp. 2d 253, 262–63 (S.D.N.Y. 2013). The burden of establishing good cause rests with the movant, which must show that the proposed restrictions address a "a clearly defined, specific and serious injury." *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). It is well-established that the need to protect the safety and privacy of witnesses constitutes good cause for the entry of a protective order. *See, e.g., United States v. Maxwell*, No. 20 Cr. 330 (AJN), 2020 WL 4431834, at *1 (S.D.N.Y. July 30, 2020) ("As a general matter, it is undisputed that there is a strong and specific interest in protecting the privacy of alleged victims and witnesses in this case that supports restricting the disclosure of their identities.").

February 17, 2023
Page 3

Based on the foregoing, the Government submits that the proposed protective order is necessary in this case, and respectfully asks the Court to enter the proposed protective order allowing the Government to produce the Images to defense counsel on an "attorney's possession only" basis.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Matthew J. King
Madison Reddick Smyser
Jamie Bagliebter
Assistant United States Attorneys
(212) 637-2384 / 2381 / 2236

cc All counsel, by ECF

---

Defense counsel to respond by 2/28/23.

SO ORDERED:
Date: 2/21/23    Richard M. Berman
                 Richard M. Berman, U.S.D.J.

3