UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILFREDO ROSADO,<br><br>*Defendant.* | **Protective Order**<br><br>**S1 21 Cr. 516 (RMB)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendant of documents, objects, and/or information, including electronically stored information ("ESI"), as a courtesy, or pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in a criminal case. Certain of that material may include that which (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating, "Covered by Protective Order," shall be deemed "Confidential Material." The Government may designate material it has already produced in this case and may de-designate material at the request of the defendant or otherwise.

2. **Attorney's Possession Only ("APO") Material.** Certain materials in this case may raise a particular risk of affecting the privacy, confidentiality, or safety of victims or individuals. Materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Attorney's Possession Only," shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Confidential Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

4. Confidential Material may be disclosed by counsel, consistent with the terms set forth above, to:

    (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (b) Prospective witnesses for purposes of defending this action;

    (c) Others persons as hereafter may be authorized by the Court.

5. Any APO Material received by the defense shall be maintained in a safe and secure manner solely by the defendant's counsel; shall not be possessed by the defendant, except in the

presence of the defendant's counsel; and shall not be disclosed in any form by the defendant or his counsel except as set forth herein.

6. The Government may authorize, in writing, disclosure of Confidential Material or APO Material beyond that otherwise permitted by this Order without further Order of this Court.

7. If there is a dispute between the parties concerning the Government's Confidential Material or APO Material designation of certain materials, the parties shall meet and confer without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Confidential Sensitive Material and APO Material designation of the disputed materials.

8. This Order does not prevent the disclosure of any Confidential Material or APO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and this District's ECF Privacy Policy.[1]

9. Except for Confidential Material and APO Material that has been made part of the record of this case, and subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct, the defense shall return to the Government or securely destroy or delete all documents subject to this Order within 30 days of the expiration of the period for direct appeal

---

[1] *See* United States Court for the Southern District of New York, *Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Filings*, https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf (last visited Feb. 8, 2023).

from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material or APO Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material or APO Material has been disclosed to which such persons.

11. The terms of this Order shall not apply to materials recovered from the defendant's cellphone, except to the extent those materials contain communications, images, or videos involving Minor Victim-1. For such materials involving Minor Victim-1, this Order places the same restriction on the defendant's use or disclosure of that ESI, even in its original form.

### Retention of Jurisdiction

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York

By: _____      Date:__February 17, 2023_____
    Matthew J. King
    Madison Reddick Smyser
    Jamie Bagliebter
    Assistant United States Attorneys

SO ORDERED:

Dated: New York, New York
       March 3, 2023

_____
HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE
