**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

-against-

WILFREDO ROSADO,

                Defendant.

21-CR-516 (RMB)

**DECISION & ORDER**

      For the reasons set forth below, Defendant Wilfredo Rosado's application to adjourn his sentencing (for a fourth time) and to appoint a mitigation expert is respectfully denied. *See United States v. Alexander*, 860 F.2d 508, 510 (2d Cir. 1988). The sentencing will take place on November 19, 2024 (which is 13 months after Defendant's guilty verdict on October 4, 2023 and 7 months later than the original sentencing date of April 24, 2024).

**No Further Adjournment is Appropriate**

      Sentencing, as noted, was originally scheduled for April 24, 2024. It is now scheduled for November 19, 2024, having had been adjourned three times. The Court agrees that "defendant's request for a fourth adjournment of his sentencing would cause an unjustified delay in this case, and because [Defendant] offered no explanation or reason . . . that could justify granting this application so late in this case." Gov't Letter, dated Oct. 23, 2024, at 2.

      Any further adjournment is "unnecessary and contrary to the interests of justice, especially given the public's and the victim's need for and right to finality." *Id.* at 1; *see also United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995) ("the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied'"); 18 U.S.C. § 3771(a)(6) (victims have the "right to proceedings free from unreasonable delay").

**Mitigation Expert is Not Justified**

Defense Counsel Sarah Sacks, who is Defendant Rosado's fourth attorney[1], has already submitted a professional 21-page sentencing submission, dated July 30, 2024, on behalf of Defendant Rosado. Ms. Sack's sentencing submission includes, among other things, a description of Defendant's upbringing and family circumstances, his medical conditions, and his disciplinary record. *See* Def. Sent. Submission, dated July 30, 2024. Defense Counsel "attach[ed] certificates for the programs [Defendant] has completed as an exhibit." *Id.* at 3.

A detailed, 50-page Presentence Investigation Report, dated April 26, 2024, is also a part of the sentencing submissions.

At sentencing, Counsel Sacks and Defendant Rosado will also be afforded the opportunity to speak on Defendant's behalf. *See also United States v. Brown*, 2010 WL 3051510 (E.D.N.Y. June 8, 2020) ("counsel fail[ed] to show that [an expert's] services are reasonably necessary for [the defendant's] adequate representation" and, equally important, "counsel is capable of bringing mitigation factors . . . to the Court's attention without the need for a specialist").

And, the Government points out that the Defendant "could have made his application for a mitigation expert at any point over the last year but chose to do it now, less than a month before his sentencing." Gov't Letter, dated Oct. 23, 2024, at 1. Defendant has failed to "offer[] any reasonable explanation for his delay or establish[] any excusable neglect." *Id.* Moreover, the Court does not perceive any basis which counsel could not identify through their own investigation. *United States v. Bah*, 574 F.3d 106, 118 (2d Cir. 2009); *see also United States v. Djibo*, 730 F.

---

[1] Defendant has had four experienced attorneys in this case, including the Federal Defender Marne Lenox, CJA trial counsel Patrick Joyce, CJA counsel Florian Miedel, and CJA counsel Sarah Sacks.

App'x 52, 57 (2d Cir. 2018) ("A defendant seeking CJA resources has the burden of satisfying the district court that the services are reasonably necessary, and he must articulate a reasonable basis" for the requested services.).

**Conclusion and Order**

For the foregoing reasons, Defendant's October 18, 2024 letter motion (ECF No. 156) is respectfully denied.

Date: October 23, 2024
New York, New York

*Richard M. Berman*
**RICHARD M. BERMAN, U.S.D.J.**